# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT KNOXVILLE

GAVIN COOK,                                    *
Individually and as sole surviving heir,                    Civil Action File No.:
TIMOTHY COOK, deceased,                        *

     Plaintiff,                              *   _____

v.                                             *

MCMINN COUNTY, TENNESSEE                        *
     Defendant.

---

## COMPLAINT FOR CIVIL RIGHTS VIOLATIONS
## AND WRONGFUL DEATH

---

COMES NOW the Plaintiff, GAVIN COOK (hereinafter the "Plaintiff"), individually and as the sole surviving heir of TIMOTHY COOK, by and through his attorneys, submits this Complaint for Damages against McMINN COUNTY, TENNESSEE (hereinafter "Defendant"), demanding a jury trial and showing this Honorable Court as follows:

### <u>PRELIMINARY STATEMENT</u>

1. This is a civil rights action brought pursuant to 42 U.S.C. § 1983 arising from the failure of Defendant McMINN COUNTY, Tennessee, to protect pretrial detainee TIMOTHY COOK from a known violent detainee, JARROD JONES ("JONES").

1

2. On February 17, 2018, TIMOTHY COOK was arrested and charged with Driving Under the Influence. The Defendant, acting through the McMINN COUNTY SHERIFF'S OFFICE (hereinafter "MCSO"), placed TIMOTHY COOK and another inmate, JONES, together in a jail cell.

3. Less than an hour after TIMOTHY COOK was booked into the McMinn County Jail (hereinafter the "JAIL"), JONES brutally murdered him without provocation.

4. JONES was a notoriously violent inmate well-known by the MCSO for his history of vicious assaults on fellow detainees and inmates at the JAIL.

5. Despite knowledge of JONES' violent propensity to assault others in the JAIL, on February 17, 2018, JAIL staff housed JONES and TIMOTHY COOK together in the same cell, which unsurprising resulted in JONES savagely attacking and ultimately killing TIMOTHY COOK.

6. The Defendant exhibited deliberate indifference to the safety and constitutional rights of TIMOTHY COOK, a pretrial detainee, thereby violating his rights under the Eighth and Fourteenth Amendments to the United States Constitution, as well as his rights under Tennessee law and the Tennessee Constitution.

7. Specifically, Sheriff Joe Guy's (hereinafter "SHERIFF GUY") "clean slate" policy of disregarding inmates' known violent histories and failing to segregate

2

dangerous individuals from vulnerable detainees directly and proximately caused the brutal murder of TIMOTHY COOK.

8. The Defendant maintained a custom or practice of deliberate indifference to the critical security and safety of detainees at the JAIL. Upon information and belief, no officer, agent, or employee of MCSO was disciplined in connection with needs TIMOTHY COOK'S murder. Instead, their actions were deemed compliant with SHERIFF GUY'S established policies, practices, and customs and were fully ratified by the Defendant in all respects.

9. The actions and inactions of the Defendant, and those under its supervision and control, were the proximate cause of TIMOTHY COOK'S death.

## PARTIES

10. The allegations of the preceding paragraphs of this Complaint are hereby incorporated by reference, as if set forth verbatim.

11. GAVIN COOK is the only child and sole surviving heir of TIMOTHY COOK. He is an individual resident and citizen of the State of Florida.

12. McMINN COUNTY is a governmental entity and a political subdivision of the State of Tennessee, duly organized, and is constitutionally responsible for the safety, security and welfare of detainees in its jail.

13. McMINN COUNTY may be served through its chief executive officer, Mayor John Gentry, at the McMinn County Courthouse, 6 East Madison Avenue Athens, Tennessee 37303.

14. McMINN COUNTY is responsible for the policies, customs, and training of its employees, agents, and officials, including those working at the JAIL.

15. McMINN COUNTY is liable for its own conduct and for the acts and omission of its servants, employees, agents and staff, pursuant to the doctrines of agency, apparent agency, implied agency, employer/employee relations, joint and several liability, respondeat superior and vicarious liability.

16. The JAIL is operated by the MCSO. The sheriff has a statutory duty to take charge and custody of the JAIL and inmates or detainees housed therein. Tenn. Code Ann. § 41-4-101.

17. At all times, McMINN COUNTY and MCSO possessed the power and authority to adopt policies and prescribe rules, regulations, and practices affecting all facets of the training, supervision, control, employment, assignment and removal of individual members of the MCSO, including those individuals charged with protecting the safety of inmates or detainees at the JAIL, and to assure that said actions, policies, rules, regulations, practices and procedures of the MCSO and its employees and agents comply with the laws and constitutions of the United States and the State of Tennessee.

4

18. Tenn. Code Ann. § 41-2-108 establishes that the sheriff is the ex officio superintendent of the county jail. Tenn. Code Ann. § 41-4-101 establishes that the Sheriff has "custody and charge" of the county jail.

19. SHERIFF GUY "is charged with the duty of treating the inmates with humanity and kindness and protecting them from harsh and cruel treatment and overwork." *See* Tenn. Code Ann. § 41-21-201.

20. At all times material hereto, SHERIFF GUY was the duly elected Sheriff of McMINN COUNTY, statutorily responsible for the operation of the JAIL; for the screening, hiring, firing, training, and the supervision of the jailers, deputies, corrections officers, and other jail personnel; and responsible for the safety and welfare of those housed in the JAIL. *See* Tenn. Code Ann. §41-4-101.

21. At all times material hereto, SHERIFF GUY also possessed the power and authority and was charged by law with the responsibility to enact policies and to prescribe rules and practices concerning the booking, housing, and safety of inmates in custody of the JAIL.

## JURISDICTION AND VENUE

22. The allegations of the preceding paragraphs of this Complaint are hereby incorporated by reference, as if set forth verbatim.

23. This action arises under 42 U.S.C. §§ 1983 and 1988 and the Eighth and Fourteenth Amendments of the United States Constitution.

5

24. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343.

25. This Court also has supplemental jurisdiction over any claims brought under Tennessee law, pursuant to 28 U.S.C. §1367, as such claims are so related to claims in the action within the original jurisdiction of this Court that they form part of the same case or controversy under Article III of the Constitution.

26. Venue is proper in the Eastern District of Tennessee pursuant to 28 U.S.C. § 1391(b), as the events giving rise to this claim occurred in McMINN COUNTY, which is within the territory of the Eastern District Court of Tennessee.

## WAIVER OF IMMUNITY

27. The allegations of the preceding paragraphs of this Complaint are hereby incorporated by reference, as if set forth verbatim.

28. McMINN COUNTY has waived immunity for the negligence of county employees, misconduct of officers or deputies acting under color of law, and for the negligence of officers, deputies, or employees of the McMINN COUNTY or MCSO as set out in Tenn. Code Ann. §8-8-302 for any act or failure to act on the part of any deputy appointed by the sheriff, or other misconduct committed by deputies by virtue of or under color of law.

29. There is no immunity for individuals for criminal conduct or conduct which is willful or malicious.

6

## FACTS

30. The allegations of the preceding paragraphs of this Complaint are hereby incorporated by reference, as if set forth verbatim.

31. On February 17, 2018, TIMOTHY COOK was arrested by the Athens Police Department for Driving Under the Influence and taken to the JAIL.

32. Upon arrival, TIMOTHY COOK was booked at 5:39 PM and placed in "Cell One," the largest holding cell in the JAIL's booking area, alongside JONES.

33. At this time there were at least three cells adjacent to "Cell One," which were empty and could have housed either TIMOTHY COOK or JONES.

34. The MCSO had full knowledge of JONES' extensive history of violent assaults on fellow inmates, including a recent attack in the same cell only nineteen (19) days earlier.

35. Despite this, the JAIL maintained a "clean slate" policy, wherein detainees with known violent histories were not segregated from others unless they displayed current aggressive behavior upon booking.

36. At approximately 6:22 PM, JONES viciously attacked TIMOTHY COOK without provocation, punching and kicking him to the ground and repeatedly stomping on his head and body. This vicious assault was brutal and relentless.

37. Officers of the JAIL did not intervene in time, despite the attack occurring in the booking area, in their direct view. When the officers arrived, TIMOTHY

7

COOK was not breathing and was otherwise non-responsive. JONES had to be tased, physically restrained, and placed in a restraint chair.

38. TIMOTHY COOK suffered severe traumatic injuries and was transported to the University of Tennessee Medical Center where he succumbed to his injuries after nearly a week on life support.

39. JONES was subsequently convicted of second-degree murder for TIMOTHY COOK'S cold and brutal murder.

40. JONES has a lengthy history of incarceration at the JAIL, having been detained at least fifteen (15) times over a seven (7) year period. Throughout these incarcerations, he established a documented pattern of violently assaulting fellow detainees. Copies of records demonstrating these incarcerations are attached hereto as Collective Exhibit A.

41. JONES was the subject of repeated jail incident/disciplinary reports during his many incarcerations at the JAIL all of which involved attacks against other detainees. In eight (8) month span, JONES was disciplined at least five (5) times by JAIL staff for assaulting fellow detainees:

    a. On May 4, 2017, JONES was disciplined for "assault against inmate" for attacking another detainee – Brandon Tindell.

    b. On May 25, 2017, JONES was disciplined for "assault against inmate" for attacking another detainee – Doug Clowers.

8

c. On January 3, 2018, JONES was disciplined for being in an altercation with a fellow detainee – Derek McCreary.

d. On January 29, 2018, JONES was disciplined for "assault against inmate" for attacking several fellow inmates including fellow detainee – David Rodriguez.

e. On February 6, 2018, JONES was disciplined for having an altercation with several detainees.

42. JONES' pattern of attacking inmates and detainees continued even after he murdered TIMOTHY COOK in plain view of officers at the JAIL. Just five (5) days later, on February 22, 2018, JONES attacked another three additional inmates.

43. Audaciously, on May 13, 2018, JONES assaulted fellow detainee Whitley. Copies of records memorializing these attacks are attached hereto as <u>Collective Exhibit B</u>.

9

# CLAIMS FOR RELIEF

## COUNT ONE

### VIOLATION OF 42 USC §§ 1983
### (UNDER THE FOURTEENTH AMENDMENT)

### MONELL CLAIM – POLICY, CUSTOM OR PRACTICE
### OF DELIBERATE INDIFFERENCE TO INMATE SAFETY

44. The allegations of the preceding paragraphs of this Complaint are hereby incorporated by reference, as if set forth verbatim.

45. At all times material the Defendant and its employees, agents and staff were performing a traditional governmental function of a sheriff operating a county jail and were state actors. All of its acts and inactions were performed under the color of law.

46. TIMOTHY COOK was a pretrial detainee of the MCSO and detained at the JAIL. The Defendant and its employees, agents and staff were responsible for TIMOTHY COOK'S well-being, safety and security.

47. McMINN COUNTY has a statutory and constitutional duty to maintain the JAIL to secure the safe custody, health, and comfort of inmates housed therein. *See* Tenn. Code Ann. §§ 5-7-104, 106.

48. SHERIFF GUY possessed exclusive authority and responsibility for ensuring the safety and security of detainees and inmates within the JAIL, as mandated by Tennessee law. In purported fulfillment of this duty, he implemented a "clean

10

slate" policy, under which all detainees were treated as non-threatening and non-dangerous unless they engaged in violent conduct, without any exception for individuals with a well-documented history of assaulting other detainees. Given the inherent dangers associated with incarcerating violent individuals together, this policy is unconstitutional on its face. Even if not facially unconstitutional, its systematic implementation resulted in constitutional violations, including at least two documented incidents within a nineteen-day period.

49. SHERIFF GUY, as the official policymaker for the JAIL, implemented policies that was the direct and proximate cause of TIMOTHY COOK'S death. By exercising his authority to establish this policy, it became the official policy of the MCSO. As a result, the Defendant's liability arises from the unconstitutional policy itself.

50. Alternatively, if there was no official written or adopted policy regarding placement of inmates at the JAIL disregarding each individual inmate's or detainee's propensity to commit violence against another inmate, it was a *defacto* policy, custom, or practice.

51. TIMOTHY COOK was confined in a jail cell with JONES, and he was unable to protect himself from JONES' violent and unrelenting attack.

52. JONES' propensity to assault other detainees was well known to the Defendant, SHERIFF GUY, the MCSO, and the JAIL.

11

53. Despite having actual knowledge of JONES' extensive history of violent assaults, the Defendant and JAIL personnel failed to take reasonable measures to protect TIMOTHY COOK from foreseeable harm. Instead, they adhered to the inherently flawed and reckless "clean slate" policy implemented by SHERIFF GUY. Rather than placing TIMOTHY COOK in one of at least three (3) unoccupied cells, they confined him in a cell with JONES, locked the door, thereby depriving TIMOTHY COOK of any means of escape, and failed to adequately monitor JONES, ultimately enabling him to murder TIMOTHY COOK.

54. The Defendant had a constitutional duty to ensure TIMOTHY COOK'S safety, security, and protection from the known danger posed by JONES. By complying with SHERIFF GUY's "clean slate" policy, the Defendant failed to uphold this duty. SHERIFF GUY explicitly endorsed the "clean slate" policy, stating that detainees should not be prejudged based on past conduct, leading to reckless disregard for inmate safety.

55. The Defendant violated TIMOTHY COOK'S clearly established rights under the Fourteenth Amendment to the United States Constitution, demonstrating deliberate, conscious, and intentional indifference to his obvious need for protection.

12

56. The Defendant knew TIMOTHY COOK faced a substantial risk of harm from JONES, yet failed to protect him. This grave disregard for TIMOTHY COOK'S safety violated contemporary standards of decency, demonstrating objective deliberate indifference.

57. The Defendant's actions were undertaken pursuant to an official policy or custom exhibiting deliberate indifference to the safety and security of detainees at the JAIL, including TIMOTHY COOK. This policy or custom was the direct and proximate cause of TIMOTHY COOK'S death. Furthermore, the acts and omissions of the Defendant violated TIMOTHY COOK'S clearly established constitutional rights under the Constitution of the State of Tennessee, including Article I, § 8 and Article I, § 13.

58. The "clean slate" policy of inaction by the Defendant and SHERIFF GUY, despite their actual knowledge that such a policy would result in constitutional violations, is the functional equivalent of an affirmative decision by the Defendant to violate the Constitution. The Defendant abdicated its fundamental duty to ensure a safe and secure environment for detainees and inmates.

59. As a direct and proximate result of the actions and/or omissions of the Defendant, causing the violation of TIMOTHY COOK'S Fourteenth Amendment rights, the Plaintiff submits this Complaint against the Defendant for violating his father's constitutional rights, and seeks any and all damages

13

allowable to him, both individually and as TIMOTHY COOK'S next of kin, as well as attorney's fees pursuant to 42 U.S.C. § 1988, costs, and discretionary costs.

## COUNT TWO

### VIOLATION OF 42 USC §§ 1983
### (UNDER THE FOURTEENTH AMENDMENT)

### MONELL CLAIM – FAILURE TO TRAIN OR SUPERVISE

60. The allegations of the preceding paragraphs of this Complaint are hereby incorporated by reference, as if set forth verbatim.

61. The Defendant, MCSO, and SHERIFF GUY had a duty of care to TIMOTHY COOK and other inmates to ensure that corrections officers were properly trained to protect the health and safety of inmates. This duty was breached, as described herein, as the Defendant failed to adequately train and supervise its employees, officers, and agents to provide detainees and inmates adequate safety, including regular security and well checks of inmates and frequent well-checks of inmates confined with inmates that repeatedly violently attack other inmates. Such acts or omissions constitute a violation of §1983 and deprived TIMOTHY COOK of his rights under the Fourteenth Amendment.

62. The Defendants knew the risk JONES posed to TIMOTHY COOK and disregarded it. Their failure to protect TIMOTHY COOK therefore constitutes subjective deliberate indifference to TIMOTHY COOK'S safety and security.

63. The JAIL officer who placed JONES and TIMOTHY COOK in "Cell One" did so despite knowing JONES' history of violence toward other inmates, including an attack only nineteen (19) days previously. Moreover, shift supervisor Derrick Saxe, who had personally witnessed JONES' previous assaults, failed to separate them. This demonstrates that JAIL employees were trained to strictly follow the policy without exceptions.

64. The Defendant and the MCSO failed to adequately and properly train and educate its employees, agents, and staff with respect to the proper procedures for protecting the safety and security of detainees from other volatile, dangerous, and violent detainees. This constitutes both deliberate indifference and reckless disregard to the welfare of detainees under its care.

65. The Defendant failed to adequately monitor and evaluate the performance of its employees, agents, contractors and staff with respect to their duties and obligations to protect detainees from known dangers, including those dangers posed by detainees well known for attacking their fellow detainees, and this failure was due to deliberate indifference and reckless disregard to the welfare and safety or detainees such as TIMOTHY COOK.

15

66. Here, the correctional officers in the MCSO rightly believed that their actions and indifference to TIMOTHY COOK'S health and safety would be tolerated and accepted by supervisors, as the County routinely allowed such deprivations to go unchecked. As none of them appear to have been disciplined, their lack of concern proved prescient.

67. JONES attacked two other inmates or detainees after he brutally murdered TIMOTHY COOK. Despite the danger of housing other inmates and detainees at the jail, neither SHERIFF GUY or any other supervisor instructed JAIL staff to segregate JONES.

68. For all of these reasons, the Defendant abdicated its governmental responsibilities to provide a safe and secure incarceration environment to inmates and detainees

69. The deprivation of TIMOTHY COOK'S constitutional rights, as described above, was the proximate cause of TIMOTHY COOK'S death and the cause in fact of TIMOTHY COOK'S death.

## COUNT THREE

### WRONGFUL DEATH
### TENN. CODE ANN. §§ 20-5-106, *ET SEQ.*

70. The allegations of the preceding paragraphs of this Complaint are hereby incorporated by reference, as if set forth verbatim.

16

71. The Plaintiff brings this action as TIMOTHY COOK'S sole surviving heir and next of kin, as authorized by Tenn. Code Ann. §§ 20-5-106 *et seq.*, Tennessee's Wrongful Death Statute, and seek damages for loss of consortium and society. TIMOTHY COOK did not have a surviving spouse.

72. Defendant owed a duty of due care to TIMOTHY COOK at all times relevant to this action and violated that duty in the manner alleged herein.

73. Defendant failed to protect TIMOTHY COOK from JONES despite having knowledge of JONES' propensity of violence towards other inmates.

74. These actions of Defendant were performed knowingly, wantonly, and with gross disregard for TIMOTHY COOK'S safety and welfare.

75. The foregoing acts of the Defendant proximately caused TIMOTHY COOK'S death, entitling Plaintiff to recover compensatory damages from Defendant. Said damages include, but are not limited to, the loss of life and wrongful death of TIMOTHY COOK, the pain and suffering TIMOTHY COOK endured before his death, his lost earning capacity, economic and non-economic damages, funeral, and/or related burial expenses, and the Plaintiff's loss of TIMOTHY COOK'S society and companionship.

76. Based upon the foregoing allegations of this Complaint, the Plaintiff is entitled to recover a judgment in the amount of TEN MILLION DOLLARS

17

($10,000,000) in compensatory damages and FIFTEEN MILLION ($15,000,000) in punitive damages.

## COUNT FOUR

### NEGLIGENCE AND GROSS NEGLIGENCE

77. The allegations of the preceding paragraphs of this Complaint are hereby incorporated by reference, as if set forth verbatim.

78. Defendant owed a duty to TIMOTHY COOK to act with ordinary care and prudence so as not to cause him harm or injury.

79. The actions of Defendant were negligent and reckless, including but not limited to, allowing the JAIL to be unsafe for any inmate, especially from other inmates, placing JONES in the same cell at TIMOTHY COOK, and failing to stop JONES' attack upon TIMOTHY COOK, all of which culminated in his unnecessary death.

80. The Defendant owed a duty to the public in general and specifically to TIMOTHY COOK to use due care in fulfilling their duties and to ensure their conduct conformed to applicable laws, policies, procedures, and generally accepted law enforcement standards. As described above, Defendant breached its duties of due care and were negligent, grossly negligent, reckless, willful, and wanton in all of the foregoing particulars.

18

81. In particular, SHERIFF GUY's policy, custom, or practice in which all detainees were treated as non-threatening and non-dangerous unless they engaged in violent conduct, without any exception for individuals with a well-documented history of assaulting other detainees, was indeed causally-linked to TIMOTHY COOK'S death. By callously failing to segregate violent individuals at the JAIL, the Defendant engaged in gross negligence, which led to TIMOTHY COOK'S death.

82. The Defendant is also legally liable for the non-negligent acts or failures to act of McMINN COUNTY deputies, correctional officers, and other employees and agents of the MCSO pursuant to Tenn. Code Ann. § 8-8-302, and this includes instances of gross negligence.

83. As a direct and proximate result of Defendant's gross negligence, as alleged above, and other undiscovered negligent conduct, JONES murdered TIMOTHY COOK at the JAIL while correctional officers watched it occur in their presence.

84. The foregoing acts or omissions proximately caused TIMOTHY COOK'S death, entitling Plaintiff to recover compensatory damages from Defendant. Said damages include, but are not limited to, the loss of life and wrongful death of TIMOTHY COOK, the pain and suffering TIMOTHY COOK suffered before his death, his lost wages and earning capacity, economic and non-

economic damages, funeral, and/or related burial expenses, and his son's loss

of TIMOTHY COOK'S society and companionship.

## **JURY DEMAND**

85. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by

jury of all of the claims asserted in this Complaint so triable.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays:

A. That Defendant be served with a copy of this Complaint and be required to
answer;

B. That the Court grant any reasonable request to amend this complaint to
conform to the discovery and evidence obtained in this action;

C. That the Court find that Defendant has engaged in the conduct and statutory
and common law violations alleged herein;

D. That Plaintiff, as the only child and sole surviving heir, and individually,
where appropriate, be awarded such damages as appropriate for all injuries
proximately caused by Defendant's actions and that a judgment in their favor
be entered;

E. That Plaintiff, as the only child and sole surviving heir, and individually,
where appropriate, be awarded TEN MILLION DOLLARS ($10,000,000) in

20

compensatory damages to include but not limited to the loss of life and wrongful death of TIMOTHY COOK, physical pain and suffering; emotional pain and suffering; economic and non-economic damages; funeral expenses; loss of enjoyment of life; loss of future wages and income; loss of consortium and services, the full pecuniary value of the life of TIMOTHY COOK;

F.  That Plaintiff, as the only child and sole surviving heir, be awarded FIFTEEN MILLION DOLLARS ($15,000,000) in punitive damages;

G.  That Plaintiff have and recover costs for this suit, including reasonable attorneys' fees and discretionary costs, as provided by law; and

H.  That Plaintiff be awarded pre-judgment and post-judgment interest as permitted by common law or applicable statute and such other or further relief as may be just and proper.

Respectfully submitted, this 21st day of February, 2025.

CAVETT, ABBOTT & WEISS, PLLC

Joshua P. Weiss (Bar No. 500861
*Counsel for Plaintiff*
801 Broad Street, Suite 428
Chattanooga, TN 37402
Phone: 423-265-8804
Fax:    423-267-5915
josh@cawpllc.com

21