UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| **GAVIN COOK**, Individually, and as sole surviving heir TIMOTHY COOK, deceased,<br><br>Plaintiff,<br><br>v.<br><br>**MCMINN COUNTY, TENNESSEE**,<br><br>Defendant. | No. 3:25-CV-00074 |

**REPLY TO PLAINTIFF'S RESPONSE IN OPPOSTION
TO DEFENDANT'S MOTION TO DISMISS**

Defendant McMinn County, Tennessee ("Defendant"), by and through undersigned counsel, hereby submits the following reply to Plaintiff's Response in Opposition to Defendant's Motion to Dismiss [Doc. 21] (the "Response"). Plaintiff's opposition to the Motion to Dismiss fails to address the core legal deficiencies in the Amended Complaint and completely misinterprets this Court's prior orders. Defendant's Motion to Dismiss should be granted for the reasons set forth below.

**ARGUMENT**

**I. Plaintiff's Mischaracterization of the Second Amended Complaint from the Original Action**

The Plaintiff's Response erroneously claims that the Second Amended Complaint in the Original Action included a *Monell* claim for failure-to-supervise. But, a thorough review of the Second Amended Complaint [Doc. 60 in 1:19-CV-42-TAV-SKL] reveals that the word

1

"supervise" does not appear at all, let alone in bold type or under any separate headings. The Plaintiff's assertion that the failure to supervise claim was included in the original pleadings is unfounded and simply misleading.

**II.     *Monell* Claims and the Court's Orders from the Original Action**

The Plaintiff's attempt to introduce a new *Monell* claim for failure-to-supervise is in direct violation of this Court's prior Orders [Docs. 49 and 94 in 1:19-CV-42-TAV-SKL]. These two Orders explicitly limited the Plaintiff to the *Monell* claims for failure-to-train and failure-to-protect, which were the only *Monell* claims pending at the time of the Original Action's dismissal on August 22, 2024. Plaintiff's new claim for failure-to-supervise is not only unauthorized but also untimely under applicable law.

**III.    Failure-to-Train and Failure-to-Supervise are distinct *Monell* Theories with Separate Elements**

Contrary to the Plaintiff's argument, failure-to-train and failure-to-supervise claims constitute distinct theories of municipal liability under *Monell*, and the Sixth Circuit recognizes this distinction. Courts have routinely emphasized that these claims must be analyzed independently because they focus on different aspects of municipal conduct and require distinct evidentiary showings. For example, in *Rodriguez v. City of New York*, the court noted that "liability for deliberate indifference can be based upon a failure to train or a failure to supervise or discipline," and that these theories "emphasize different facts and require different showings to establish deliberate indifference." 607 F. Supp. 3d 285, 293 (E.D. N.Y. 2022). Similarly, in *Buari v. City of New York*, the Southern District Court for New York reiterated that these theories must

be analyzed separately because they involve different factual and legal considerations. 530 F. Supp. 3d 356 (S.D. N.Y. 2021).

Under a failure-to-train theory, a plaintiff must demonstrate that the municipality's training program was inadequate and that policymakers were deliberately indifferent to the risk that this inadequacy would lead to constitutional violations. This requires showing that the municipality was on actual or constructive notice that its training program was deficient and that the deficiency caused the constitutional injury. For instance, the Supreme Court has explained that deliberate indifference in a failure-to-train claim arises when policymakers choose to retain a training program despite knowing it causes employees to violate constitutional rights. *Rodriguez*, 607 F. Supp. 3d at 293 (citing *Connick v. Thompson*, 563 U.S. 51, 61 (2011)).

In contrast, a failure-to-supervise claim focuses on the municipality's oversight of its employees. To succeed, a plaintiff must show that the municipality failed to adequately supervise its employees in a way that implicitly encouraged or ratified their unlawful conduct. This theory often requires evidence of a pattern of similar constitutional violations that the municipality failed to address. In *Jackson v. Nassau County*, 552 F. Supp. 3d 350, 378-79 (E.D. N.Y. 2021), the district court explained that a failure-to-supervise claim requires proof of a pattern of complaints or unconstitutional activity and a failure to investigate or prevent further incidents.

Both claims generally require the plaintiff to establish the same or substantially similar elements: (1) the municipality's policies or practices were inadequate, (2) the municipality acted with deliberate indifference in adopting or maintaining these policies, and (3) the inadequacy directly caused the constitutional injury.

While the legal standards for failure-to-train and failure-to-supervise claims may overlap, the evidence required to prove each claim differs. A failure-to-train claim typically focuses on

3

deficiencies in the municipality's formal training programs, whereas a failure-to-supervise claim examines the municipality's ongoing oversight and response to employee misconduct. District courts have dismissed claims that fail to provide specific facts supporting either theory. For example, in *Reynolds v. Municipality of Norristown*, Case No. 15-0016, 2015 WL 4450979, at *11-12 (E.D. Penn. July 17, 2015), the U.S. District Court for the Eastern District of Pennsylvania dismissed a failure-to-supervise claim because the plaintiff did not allege facts showing the municipality's deliberate indifference or a pattern of similar incidents. Similarly, in *Fernandez v. Borough of Roseland*, Case No. 2:20-CV-00103, 2021 WL 3930718, at *7 (D. N.J. Sept. 2, 2021), the U.S. District Court for District of New Jersey dismissed both failure-to-train and failure-to-supervise claims due to the plaintiff's failure to identify specific deficiencies in the municipality's practices.

The Sixth Circuit Court of Appeals has repeatedly distinguished between failure-to-train and failure-to-supervise claims. In *Amerson v. Waterford Tp.*, 562 Fed. Appx. 484 (6th Cir. 2014), the Sixth Circuit addressed both theories, emphasizing the separate elements for each. *Id.* at 490-92. For failure-to-train claims, the court reiterated the need to prove inadequate training, deliberate indifference and causation. *Id.* at 491. For failure-to-supervise claims, the court acknowledged their rarity and the overlap with other theories (that are actually pled in the Complaint) but maintained the distinct standards for establishing liability. *Id.* at 491-92. Additionally, in *Wright v. City of Euclid, Ohio*, 962 F.3d 852 (2020), the Sixth Circuit outlined the different ways to support failure-to-train and failure-to-supervise claims, further underscoring the distinct analytical framework for these distinct *Monell* claims. *Id.* at 881.

4

## IV. Federal Rule of Civil Procedure 8 and Notice Requirements

While Federal Rule of Civil Procedure requires only a short and plain statement of the claim, it mandates that the Plaintiff provide sufficient notice of the claims being asserted. The Plaintiff's pleadings in the Original Action did not put the Defendant on notice of a *Monell* claim for failure to supervise, as required by Rule 8. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (finding that a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face). The Sixth Circuit has clarified that while the notice pleading standard does not demand detailed factual allegations, it does require enough specificity to allow the court and the defendant to understand the nature of the claim. *Kensu v. Corizon, Inc.*, 5 F.4th 646, 650 (6th Cir. 2021) (reiterating that the notice pleading standard shall "give the defendant notice of what the … claim is and the grounds upon which it rests."). The Plaintiff's attempt to sneak a new *Monell* failure-to-supervise claim into this action is a clear violation of the notice pleading requirement which required the Plaintiff to put the Defendant on notice of what the claim was in the Original Action and the grounds upon which it rests. Thus, the *Monell* claim for failure-to-supervise should be dismissed by this Honorable Court.

## V. Time-Barred Nature of New Failure-to-Supervise Claim

Even if the Court were to consider the Plaintiff's new *Monell* claim for failure-to-supervise, it would now be time-barred. The statute of limitations for personal injury actions in Tennessee is one-year[1], and the Plaintiff's new claim was filed more than six (6) years after the Original Action arose. *See Liell v. Stich*, No. M2020-01071-COA-R3-CV, 2021 WL 4786371, at *2 (Tenn. Ct. App. Oct. 14, 2021) (explaining that "the savings statute allows a plaintiff to refile a lawsuit within

---

[1] *See* Tenn. Code Ann. § 28-3-104; *Foster v. State*, 150 S.W.3d 166, 168 (Tenn. Ct. App. 2004) (applying the one-year statute of limitations from Tenn. Code Ann. § 28-3-104 in a § 1983 claim).

5

one year of the voluntary dismissal of the initial lawsuit, *provided that the initial lawsuit was timely*"). The Amended Complaint and the Second Amended Complaint in the Original Action simply did not assert a *Monell* claim for failure-to-supervise. In this situation, the Plaintiff's Amended Complaint [Doc. 12] which attempts to sneak in a new *Monell* claim for failure-to-supervise was filed more than seven (7) years after the Plaintiff's original cause of action arose. That would be more than six (6) years too late in this particular situation.

## CONCLUSION

For all these reasons, Defendant respectfully requests that this Honorable Court grant its Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) and 21, and enter an Order dismissing with prejudice the Plaintiff's newly asserted *Monell* claim for failure-to-supervise.

RESPECTFULLY SUBMITTED this 26th day of August, 2025.

KRAMER RAYSON LLP

*/s/ Jonathan Swann Taylor*
Jonathan Swann Taylor, BPR #025094
800 South Gay Street, Suite 2500
P.O. Box 629
Knoxville, TN 37901-0629
Phone: (865) 525-5134
Fax: (865) 522-5723
jstaylor@kramer-rayson.com

*Counsel for McMinn County, TN*

## CERTIFICATE OF SERVICE

      I hereby certify that on August 26, 2025, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served via regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

                              */s/Jonathan Swann Taylor*
                              Jonathan Swann Taylor