# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT KNOXVILLE

| | |
|---|---|
| **GAVIN COOK,** <br> Individually, and as sole surviving heir <br> TIMOTHY COOK, deceased, <br><br>      Plaintiff, <br><br> v. <br><br><br> **MCMINN COUNTY, TENNESSEE,** <br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)     No. 3:25-CV-00074<br>)     JURY DEMAND<br>**)**<br>)<br>)<br>) |

---

## ANSWER OF MCMINN COUNTY, TENNESSEE[1]

---

COMES the Defendant, McMinn County, Tennessee ("Defendant" or "McMinn County"), by and through counsel, and respectfully answers the Amended Complaint for Civil Rights Violations [Doc. 12] ("Amended Complaint") filed by Plaintiff Gavin Cook, Individually and as sole surviving heir, Timonthy Cook, deceased ("Plaintiff") against McMinn County as follows:

1.  Answering the allegations contained in Paragraph 1 of Plaintiff's Amended Complaint, McMinn County admits only that Plaintiff has filed a civil rights action against McMinn County, Tennessee pursuant to 42 U.S.C. § 1983 and that Plaintiff's Amended Complaint alleges claims for failure to train and failure to protect Mr. Timothy Cook ("Mr. Cook") from Mr. Jerrod Jones ("Mr. Jones") against McMinn County. The remainder of the allegations included in

---

[1] This Honorable Court entered an Order [Doc. 49 in 1:19-CV-42-TAV-SKL] that confirmed that the only remaining claims following the remand from the Sixth Circuit Court of Appeals were "[P]laintiff's *Monell* claims against McMinn County for *failure to train* and *failure to protect*." (emphasis added). Accordingly, McMinn County filed a Motion to Dismiss on August 6, 2025 [Doc. 15] asking this Court to dismiss Plaintiff's "Violation of 42 USC §§ 1983 (Under the Fourteenth Amendment) Monell Claim – Failure to Supervise" claim, which is included as Count Three in Plaintiff's Amended Complaint. [Doc. 12]. This motion remains pending as of the date of the filing of this Answer.

Case 3:25-cv-00074-TAV-DCP    Document 23    Filed 09/04/25    Page 1 of 23    PageID #: 207

Paragraph 1 of this Amended Complaint are denied and strict proof thereof is demanded. Defendant denies any implication by Plaintiff in his Amended Complaint that McMinn County failed to protect Mr. Cook from Mr. Jones, that Mr. Jones was a known violent detainee, or that McMinn County failed to train or supervise its agents, employees, and/or correctional officers. McMinn County further denies that Plaintiff's alleged failure to supervise claim is properly before this Court. *See* n 1, *supra*. Anything inconsistent with the foregoing is denied and strict proof thereof is demanded. McMinn County denies any and all liability to Plaintiff.

2.      Answering the allegations contained in Paragraph 2 of Plaintiff's Amended Complaint, it is admitted that Mr. Cook was arrested and charged with driving under the influence by the City of Athens Police Department on February 17, 2018, and that McMinn County, Tennessee placed Mr. Cook in a holding cell at the McMinn County Detention Facility following his arrest. It is further admitted that Mr. Jones was subsequently placed in the same holding cell. Anything inconsistent with the foregoing is denied and strict proof thereof is demanded. McMinn County denies any and all liability to Plaintiff.

3.      Answering the allegations contained in Paragraph 3 of Plaintiff's Amended Complaint, it is admitted that Mr. Jones attacked Mr. Cook without warning, resulting in Mr. Cook's death. Anything inconsistent with the foregoing is denied and strict proof thereof is demanded. McMinn County denies any and all liability to Plaintiff.

4.      Answering the allegations contained in Paragraph 4 of Plaintiff's Amended Complaint, McMinn County admits only that Mr. Jones had been in a few physical altercations with other inmates while being housed in the McMinn County Detention Facility on various dates during the eight years prior to February 17, 2018. McMinn County denies that these physical altercations were "well known" or common knowledge to McMinn County and its employees, or

2

that Mr. Jones was a "notoriously violent inmate" who had a "history of vicious assaults on fellow detainees and inmates" prior to February 17, 2018. Anything inconsistent with the foregoing is denied and strict proof thereof is demanded. McMinn County denies any and all liability to Plaintiff.

5.      Answering the allegations contained in Paragraph 5 of Plaintiff's Amended Complaint, it is admitted that McMinn County placed Mr. Cook in the same holding cell as Mr. Jones on February 17, 2018. McMinn County further admits that Mr. Jones attacked Mr. Cook without warning, which resulted in Mr. Cook's death. McMinn County denies the remaining allegations contained in Paragraph 5 of Plaintiff's Amended Complaint and strict proof thereof is demanded. McMinn County denies any and all liability to Plaintiff.

6.      The allegations contained in Paragraph 6 of Plaintiff's Amended Complaint are denied and strict proof thereof is demanded. McMinn County denies any and all liability to Plaintiff.

7.      The allegations contained in Paragraph 7 of Plaintiff's Amended Complaint are denied and strict proof thereof is demanded. McMinn County denies any and all liability to Plaintiff.

8.      Answering the allegations contained in Paragraph 8 of Plaintiff's Amended Complaint, McMinn County admits only that no correctional officers were disciplined for the assault by Mr. Jones on February 17, 2018. McMinn County denies that there was any reason to discipline officers for the assault by Mr. Jones on February 17, 2018, and denies that the officers were acting pursuant to an official policy or custom of deliberate indifference to the needs of detainees generally and specifically to the safety and security of the needs of Mr. Cook. McMinn County further denies that any policy, practice, or custom was the proximate cause of and moving

3

force behind the death of Mr. Cook. Anything inconsistent with the foregoing is denied and strict proof thereof is demanded. McMinn County denies any and all liability to Plaintiff.

9.  The allegations contained in Paragraph 9 of Plaintiff's Amended Complaint are denied and strict proof thereof is demanded. McMinn County avers that Plaintiff's failure to supervise claim is not properly before this Court. *See* n. 1, *supra*. McMinn County denies any and all liability to Plaintiff.

10. The answers of McMinn County as set forth in Paragraphs 1 through 9 are incorporated herein by reference.

11. McMinn County admits the allegations contained in Paragraph 11 of Plaintiff's Amended Complaint upon information and belief. McMinn County denies any and all liability to Plaintiff.

12. Answering the allegations contained in Paragraph 12 of Plaintiff's Amended Complaint, McMinn County admits only that it is a Tennessee governmental entity and that it is responsible for the operation of the McMinn County Detention Facility. Any allegation not expressly admitted herein is denied and strict proof thereof is demanded. McMinn County denies any and all liability to Plaintiff.

13. The allegations contained in Paragraph 13 of Plaintiff's Amended Complaint are admitted. McMinn County denies any and all liability to Plaintiff.

14. Answering the allegations contained in Paragraph 14 of Plaintiff's Amended Complaint, McMinn County admits that it is responsible for ensuring that its Detention Facility employees are trained in accordance with state and federal law and for enacting constitutionally sound policies and customs at the McMinn County Detention Facility. Anything inconsistent with

the foregoing is denied and strict proof thereof is demanded. McMinn County denies any and all liability to Plaintiff.

15.     Answering the allegations contained in Paragraph 15 of Plaintiff's Amended Complaint, McMinn County denies that it is liable to Plaintiff. Anything inconsistent with the foregoing is denied and strict proof thereof is demanded. McMinn County denies any and all liability to Plaintiff.

16.     Answering the allegations contained in Paragraph 16 of Plaintiff's Amended Complaint, it is admitted only that McMinn County is responsible for the operations of the McMinn County Detention Facility. McMinn County avers that Tenn. Code Ann. § 41-4-101 speaks for itself, without any interpretation by Plaintiff or McMinn County. To the extent that a more detailed answer is required from this Defendant, McMinn County admits that Tenn. Code Ann. § 41-4-101 provides that the sheriff of a county has custody and control of the jail and its prisoners and may appoint a jailer, except in cases otherwise provided by law. Anything inconsistent with the foregoing is denied and strict proof thereof is demanded. McMinn County denies any and all liability to Plaintiff.

17.     Answering the allegations contained in Paragraph 17 of Plaintiff's Amended Complaint, it is admitted only that McMinn County is authorized to adopt policies, rules, regulations, practices, and procedures at the McMinn County Detention Facility which are compliant with state and federal law. It is specifically denied that Plaintiff's failure to supervise claim is properly before this Court. *See* n. 1, *supra*. Anything inconsistent with the foregoing is denied and strict proof thereof is demanded. McMinn County denies any and all liability to Plaintiff.

18.     Answering the allegations contained in Paragraph 18 of Plaintiff's Amended Complaint, McMinn County avers that Tenn. Code Ann. § 41-2-108 and Tenn. Code Ann. § 41-4-101 speak for themselves, without any interpretation by Plaintiff or McMinn County. To the extent that a more detailed answer is required by this Defendant, McMinn County admits only that Tenn. Code Ann. § 41-2-108 provides that the sheriff shall be ex officio the superintendent of a jail which has been declared a workhouse and Tenn. Code Ann. § 41-4-101 provides that the sheriff of a county has custody and charge of the jail and its prisoners and may appoint a jailer, except in cases otherwise by provided by law. Anything inconsistent with the foregoing is denied and strict proof thereof is demanded. McMinn County denies any and all liability to Plaintiff.

19.     Answering the allegations contained in Paragraph 19 of Plaintiff's Amended Complaint, it is admitted only that Sheriff Joe Guy is responsible for the operation of the McMinn County Detention Facility in accordance with state and federal law. McMinn County further avers that Tenn. Code Ann. 41-21-201 speaks for itself, without any interpretation from Plaintiff or McMinn County. To the extent that a more detailed answer is required by this Defendant, McMinn County admits that Tenn. Code Ann. § 41-21-201 provides that the warden is charged with the treating the inmates with humanity and kindness and protecting them from harsh and cruel treatment and overwork. Anything inconsistent with the foregoing is denied and strict proof thereof is demanded. McMinn County denies any and all liability to Plaintiff.

20.     Answering the allegations contained in Paragraph 20 of Plaintiff's Amended Complaint, McMinn County admits that Sheriff Guy is responsible for the operation of the McMinn County Detention Facility and its employees and staff and that he is responsible for the safety, security, and welfare of detainees in the McMinn County Detention Facility in accordance with state and federal law. McMinn County denies any implication that Plaintiff's failure to

supervise claim is properly before the Court. *See* n. 1, *supra*. McMinn County avers that Tenn. Code Ann. § 41-4-101 speaks for itself, without any interpretation by Plaintiff or McMinn County. To the extent that a more detailed answer is required by this Defendant, McMinn County admits that Tenn. Code Ann. § 41-4-101 provides that the sheriff of the county has custody and charge of the jail and its prisoners and may appoint a jailer, except in cases otherwise provided by law. Anything inconsistent with the foregoing is denied and strict proof thereof is demanded. McMinn County denies any and all liability to Plaintiff.

21.     Answering the allegations contained in Paragraph 21 of Plaintiff's Amended Complaint, McMinn County admits only that Sheriff Guy is authorized to adopt policies, rules, regulations, practices, and procedures at the McMinn County Detention Facility which are compliant with state and federal law. Anything inconsistent with the foregoing is denied and strict proof thereof is demanded. McMinn County denies any and all liability to Plaintiff.

22.     The answers of McMinn County as set forth in Paragraphs 1 through 21 are incorporated herein by reference.

23.     Answering the allegations contained in Paragraph 23 of Plaintiff's Amended Complaint, it is admitted only that Plaintiff has alleged failure to protect and failure to train *Monell* claims in violation of the Eighth and Fourteenth Amendments of the United States Constitution pursuant to 42 U.S.C. § 1983. McMinn County denies any implication that Plaintiff's failure to supervise claim in properly before this Court. *See* n. 1, *supra*. Anything inconsistent with the foregoing is denied and strict proof thereof is demanded. McMinn County denies any and all liability to Plaintiff.

24.     Answering the allegations contained in Paragraph 24 of Plaintiff's Amended Complaint, federal jurisdiction is not disputed. McMinn County denies any and all liability to Plaintiff.

25.     Answering the allegations contained in Paragraph 25 of Plaintiff's Amended Complaint, venue is not disputed. McMinn County denies any and all liability to Plaintiff.

26.     The answers of McMinn County as set forth in Paragraphs 1 through 25 are incorporated herein by reference.

27.     Answering the allegations contained in Paragraph 27 of Plaintiff's Amended Complaint, it is admitted that Mr. Cook was arrested by the City of Athens Police Department for driving under the influence on February 17, 2018 and that he was taken to the McMinn County Detention Facility. McMinn County denies any and all liability to Plaintiff.

28.     Answering the allegations contained in Paragraph 28 of Plaintiff's Amended Complaint, it is admitted that the booking process for Mr. Cook began at 5:39pm on February 17, 2018 at the McMinn County Detention Facility and that Mr. Cook was placed into Holding Cell Number One. It is denied that booking for Mr. Cook was completed at 5:39pm and specifically averred that other booking processes, including, but not limited to, inmate classification and assignment to the general population of the McMinn County Detention Facility had yet to occur. It is further admitted that Mr. Jones was also placed into Holding Cell Number One during the booking process for Mr. Jones. McMinn County avers that the booking process for Mr. Jones was not completed at the time Mr. Jones attacked Mr. Cook without warning. Anything inconsistent with the foregoing is denied and strict proof thereof is demanded. McMinn County denies any and all liability to Plaintiff.

29. Answering the allegations contained in Paragraph 29 of Plaintiff's Amended Complaint, McMinn County admits only that there were cells adjacent to Holding Cell One which were empty when Mr. Jones attacked Mr. Cook without warning. Anything inconsistent with the foregoing is denied and strict proof thereof is demanded. McMinn County denies any and all liability to Plaintiff.

30. Answering the allegations contained in Paragraph 30 of Plaintiff's Amended Complaint, McMinn County admits that Mr. Jones had been booked into and released from the McMinn County Detention Facility on numerous occasions over the eight years prior to February 17, 2018. Further, although McMinn County admits that Mr. Jones had been in a few physical altercations with other inmates while being housed in the McMinn County Detention Facility, McMinn County denies that these physical altercations were "well known" or common knowledge to McMinn County and its employees, or that McMinn County and its employees had "full knowledge" of Mr. Jones' "extensive history of violent assaults on fellow inmates" prior to February 17, 2018. McMinn County further admits that Mr. Jones was disciplined for a physical altercation with an inmate named David Rodriguez on January 29, 2018 and that this altercation occurred in Holding Cell Number One. Anything inconsistent with the foregoing is denied and strict proof thereof is demanded. McMinn County denies any and all liability to Plaintiff.

31. Answering the allegations contained in Paragraph 31 of Plaintiff's Amended Complaint, it is admitted only that McMinn County maintained a "clean slate" and/or "fresh start" policy for all inmates upon assignment to the general population of the McMinn County Detention Facility following completion of the booking process where all inmates are treated equally and given the opportunity to cooperate unless and until the inmate gives McMinn County a reason to treat him or her differently, including but not limited to showing physical anger or aggression to

9

staff or inmates during booking or at any other time after booking. Anything inconsistent with the foregoing is denied and strict proof thereof is demanded. McMinn County denies any and all liability to Plaintiff.

32.     Answering the allegations contained in Paragraph 32 of Plaintiff's Amended Complaint, it is admitted that Mr. Jones violently attacked Mr. Cook without warning, and that the attack included Mr. Jones kicking and stomping. Anything inconsistent with the foregoing is denied and strict proof thereof is demanded. McMinn County denies any and all liability to Plaintiff.

33.     Answering the allegations contained in Paragraph 33 of Plaintiff's Amended Complaint, it is admitted only that the subject incident occurred in Holding Cell One in the booking area, which is in view of officers and staff in the booking area. McMinn County avers that as soon as officers realized a fight was occurring in Holding Cell One, they went to Holding Cell One to break up the fight. McMinn County denies any implication that McMinn County and its officers did not intervene in time or that they took too long to respond to the subject incident. McMinn County further avers that Officer Derrick Saxe's Jail Incident/Disciplinary Report indicates that as Saxe and Patrol Deputy Dale Murray approached the door to Holding Cell Number One, Mr. Jones backed up before being given a reasonable command to get on the wall. Officer Saxe's Jail Incident/Disciplinary Report also indicates that as they were cuffing Mr. Jones in Holding Cell Number One, he began to pull away and had to be tased by Patrol Deputy Murray and placed in a restraint chair before the officers could assess Mr. Cook. Upon returning to Holding Cell Number One, Officer Saxe's Jail Incident/Disciplinary Report indicates that Patrol Deputy Marray and Officer Saxe determined that Mr. Cook was not breathing and was otherwise unresponsive. Officer Saxe's Jail Incident/Disciplinary Report indicates that Patrol Deputy Murray immediately

requested an ambulance from dispatch while Officer Saxe directed and assisted in rendering immediate emergency medical assistance to Mr. Cook until an ambulance arrived at the McMinn County Detention Facility. Anything inconsistent with the foregoing is denied and strict proof thereof is demanded. McMinn County denies any and all liability to Plaintiff.

34.     Answering the allegations contained in Paragraph 34 of Plaintiff's Amended Complaint, it is admitted upon information and belief that Mr. Cook was transported by ambulance from the McMinn County Detention Facility to a Lifestar Base and that Lifestar thereafter transported Mr. Cook by helicopter to the University of Medical Cetner, where Mr. Cook remained until he passed away on February 24, 2018. Anything inconsistent with the foregoing is denied and strict proof thereof is demanded. McMinn County denies any and all liability to Plaintiff.

35.     Answering the allegations contained in Paragraph 35 of Plaintiff's Amended Complaint, it is admitted that Mr. Jones pleaded guilty to second degree murder on February 4, 2019 in relation to Mr. Cook's death. Anything inconsistent with the foregoing is denied and strict proof thereof is demanded. McMinn County denies any and all liability to Plaintiff.

36.     Answering the allegations contained in Paragraph 36 of Plaintiff's Amended Complaint, it is admitted only that Plaintiff was detained in the McMinn County Detention Facility 15 times between 2011 and February 17, 2018. Although McMinn County admits that Mr. Jones had been in a few physical altercations with other inmates while being housed in the McMinn County Detention Facility on various charges during the eight years prior to February 17, 2018. McMinn County denies that these physical altercations established a documented pattern of violently assaulting fellow detainees. The last sentence of Paragraph 36 of Plaintiff's Amended Complaint does not contain averments of fact and thus no answer is warranted or made related to these allegations. Moreover, the records attached as collective <u>Exhibit A</u> speak for themselves

without any interpretation from Plaintiff or McMinn County. To the extent that an answer is required, McMinn County admits only that Plaintiff has attached the History Arrest/Booking Reports for the arrests of Mr. Jones from August 29, 2011 through January 29, 2018. Anything inconsistent with the foregoing is denied and strict proof thereof is demanded. McMinn County denies any and all liability to Plaintiff.

37.     Answering the allegations contained in Paragraph 37 of Plaintiff's Amended Complaint, it is admitted only that Mr. Jones has been in a few physical altercations while being housed in the McMinn County Detention Facility during the eight years prior to February 17, 2018, but it is specifically denied that all of the Jail Incident/Disciplinary Reports involving Mr. Jones from 2011 through February 17, 2018 involved attacks by Mr. Jones against other detainees in the McMinn County Detention Facility. The allegations contained in subparagraph a. of Paragraph 37 of Plaintiff's Amended Complaint are admitted.  The allegations contained in subparagraph b. of Paragraph 37 of Plaintiff's Amended Complaint are admitted. Answering the allegations contained in subparagraph c. of Paragraph 37 of Plaintiff's Amended Complaint, McMinn County admits only that Mr. Jones was disciplined on January 4, 2018 after engaging in a verbal dispute with inmate Derek McCreary who claimed that Mr. Jones owed him from a year ago when they were in jail together. Anything inconsistent with the foregoing is denied and strict proof thereof is demanded. Answering the allegations contained in subsection d. of Paragraph 37 of Plaintiff's Amended Complaint, McMinn County admits that Mr. Jones was disciplined two times on January 29, 2018. Mr. Jones was first disciplined for fighting with inmate David Rodriguez. In relation to his second discipline on January 29, 2018, McMinn County admits that the incident code used to write up Mr. Jones on this date was "assault against inmate," but denies that Mr. Jones actually assaulted or attacked several inmates on January 29, 2018 as alleged by Plaintiff. McMinn County

admits only that Mr. Jones was moved to another pod because he and other inmates could not get along. Anything inconsistent with the foregoing is denied and strict proof thereof is demanded. Answering the allegations contained in subparagraph e. of Paragraph 37 of Plaintiff's Amended Complaint, McMinn County admits only that Mr. Jones was disciplined for engaging in a verbal argument with several inmates in his pod. Mr. Jones was locked down in his cell for the rest of the night for his own security on February 6, 2018. Anything inconsistent with the foregoing is denied and strict proof thereof is demanded. McMinn County denies any and all liability to Plaintiff.

38.    The allegations contained in Paragraph 38 of Plaintiff's Amended Complaint are denied and strict proof thereof is demanded. McMinn County affirmatively avers that Mr. Jones was the victim of the altercation on February 22, 2018 and not the assailant/aggressor according to the Jail Incident/Disciplinary Report attached to Plaintiff's Amended Complaint within collective Exhibit B.  Anything inconsistent with the foregoing is denied and strict proof thereof is demanded. McMinn County denies any and all liability to Plaintiff.

39.    Answering the allegations contained in Paragraph 39 of Plaintiff's Amended Complaint, McMinn County admits only that Mr. Cook attacked inmate Matthew Whitley on May 13, 2018 as Mr. Jones was being moved by officers in the MX Pod where Mr. Whitley was being housed. The last sentence of Paragraph 39 of Plaintiff's Amended Complaint contains no averments of fact and thus no answer is warranted or made related to these allegations. Moreover, the records attached as collective Exhibit B speak for themselves without any interpretation from Plaintiff or McMinn County. To the extent that an answer is required, McMinn County admits only that the Plaintiff has attached Jail Incident/Disciplinary Reports involving Mr. Jones from May 4, 2017 to October 29, 2018 as collective Exhibit B and that the Jail Incident/Disciplinary Reports referenced by Plaintiff in Paragraphs 37 through 39 of Plaintiff's Amended Complaint,

including subsections a. through e. of Paragraph 37, are included therein. Anything inconsistent with the foregoing is denied and strict proof thereof is demanded. McMinn County denies any and all liability to Plaintiff.

40.     The answers of McMinn County as set forth in Paragraphs 1 through 39 are incorporated herein by reference.

41.     The allegations contained in Paragraph 41 of Plaintiff's Amended Complaint are admitted. McMinn County denies any and all liability to Plaintiff.

42.     Answering the allegations contained in Paragraph 42 of Plaintiff's Amended Complaint, it is admitted that Mr. Cook was a pretrial detainee of the McMinn County Detention Facility and that McMinn County is responsible for operating the McMinn County Detention Facility in accordance with state and federal law. Anything inconsistent with the foregoing is denied and strict proof thereof is demanded. McMinn County denies any and all liability to Plaintiff.

43.     Answering the allegations contained in Paragraph 43 of Plaintiff's Amended Complaint, McMinn County admits that it is responsible for the operation of the McMinn County Detention Facility in accordance with state and federal law. McMinn County avers that Tenn. Code Ann. §§ 5-7-104, 106 speak for themselves without any interpretation by Plaintiff or McMinn County. To the extent that a more detailed answer is required by this Defendant, McMinn County admits that Tenn. Code Ann. § 5-7-104 provides that it is the duty of the county legislative body to erect a courthouse, jail and other necessary county buildings. McMinn County further admits that Tenn. Code Ann. § 5-7-106 provides that county buildings are to be erected and kept in order and repair at the expense of the county, under the direction of the county legislative body, and it

14

may levy a special tax for this purpose. Anything inconsistent with the foregoing is denied and strict proof thereof is demanded. McMinn County denies any and all liability to Plaintiff.

44. Answering the allegations contained in Paragraph 44 of Plaintiff's Amended Complaint, it is admitted that Sheriff Joe Guy was responsible for ensuring the operation of the McMinn County Detention Facility in accordance with state and federal law. McMinn County further admits that Sheriff Guy has a policy where all inmates are treated equally and given the opportunity to cooperate unless and until an inmate gives McMinn County a reason to treat her or him differently, including but not limited to showing physical anger or aggression to staff or inmates during booking or at any other time after booking. The remaining allegations contained in Paragraph 44 of Plaintiff's Amended Complaint are denied and strict proof thereof is demanded. McMinn County denies any and all liability to Plaintiff.

45. The allegations contained in Paragraph 45 of Plaintiff's Amended Complaint are denied and strict proof thereof is demanded. McMinn County denies any and all liability to Plaintiff.

46. The allegations contained in Paragraph 46 of Plaintiff's Amended Complaint are denied and strict proof thereof is demanded. McMinn County denies any and all liability to Plaintiff.

47. Answering the allegations contained in Paragraph 47 of Plaintiff's Amended Complaint, McMinn County admits only that Mr. Cook was confined in Holding Cell Number One with Mr. Jones. McMinn County is without sufficient knowledge or information to admit or deny whether Mr. Cook had the ability to protect himself from Mr. Jones and accordingly, the same is placed at issue at this time. Anything inconsistent with the foregoing is denied and strict proof thereof is demanded. McMinn County denies any and all liability to Plaintiff.

15

48.     The allegations contained in Paragraph 48 of Plaintiff's Amended Complaint are denied and strict proof thereof is demanded. McMinn County denies any and all liability to Plaintiff.

49.     Answering the allegations contained in Paragraph 49 of Plaintiff's Amended Complaint, McMinn County admits only that Mr. Cook and Mr. Jones were confined in Holding Cell Number One together. The remainder of the allegations contained in Paragraph 49 of Plaintiff's Amended Complaint are denied and strict proof thereof is demanded. McMinn County denies any and all liability to Plaintiff.

50.     Answering the allegations contained in Paragraph 50 of Plaintiff's Amended Complaint, McMinn County admits only that McMinn County is responsible for the operations of the McMinn County Detention Facility in accordance with state and federal law. The remaining allegations contained in Paragraph 50 of Plaintiff's Amended Complaint are denied and strict proof thereof is demanded. McMinn County denies any and all liability to Plaintiff.

51.     The allegations contained in Paragraph 51 of Plaintiff's Amended Complaint are denied and strict proof thereof is demanded. McMinn County denies any and all liability to Plaintiff.

52.     The allegations contained in Paragraph 52 of Plaintiff's Amended Complaint are denied and strict proof thereof is demanded. McMinn County denies any and all liability to Plaintiff.

53.     The allegations contained in Paragraph 53 of Plaintiff's Amended Complaint are denied and strict proof thereof is demanded. McMinn County denies any and all liability to Plaintiff.

54.     The allegations contained in Paragraph 54 of Plaintiff's Amended Complaint are denied and strict proof thereof is demanded. McMinn County denies any and all liability to Plaintiff.

55.     Answering the allegations contained in Paragraph 55 of Plaintiff's Amended Complaint, McMinn County admits only that Plaintiff has filed a Amended Complaint against McMinn County for violating Mr. Cook's constitutional rights and seeks damages individually and as Mr. Cook's next of kin, along with attorney's fees, costs, and discretionary costs. McMinn County denies any and all liability to Plaintiff and denies that Plaintiff is entitled to any relief whatsoever in this cause. Anything inconsistent with the foregoing is denied and strict proof thereof is demanded.

56.     The answers of McMinn County as set forth in Paragraphs 1 through 55 are incorporated herein by reference.

57.     Answering the allegations contained in Paragraph 57 of Plaintiff's Amended Complaint, McMinn County admits only that McMinn County and Sheriff Guy are responsible for the operations of the McMinn County Detention Facility in accordance with state and federal law. The remainder of the allegations contained in Paragraph 57 of Plaintiff's Amended Complaint are denied and strict proof thereof is demanded. McMinn County denies any and all liability to Plaintiff.

58.     The allegations contained in Paragraph 58 of Plaintiff's Amended Complaint are denied and strict proof thereof is demanded. McMinn County denies any and all liability to Plaintiff.

59.     Answering the allegations contained in Paragraph 59 of Plaintiff's Amended Complaint, McMinn County admits only that Mr. Jones and Mr. Cook were placed in Holding Cell

Number One together and that Mr. Jones attacked Mr. Cook without any warning. Anything inconsistent with the foregoing is denied and strict proof thereof is demanded. McMinn County denies any and all liability to Plaintiff.

60. The allegations contained in Paragraph 60 of Plaintiff's Amended Complaint are denied and strict proof thereof is demanded. McMinn County denies any and all liability to Plaintiff.

61. The allegations contained in Paragraph 61 of Plaintiff's Amended Complaint are denied and strict proof thereof is demanded. McMinn County denies any and all liability to Plaintiff.

62. The allegations contained in Paragraph 62 of Plaintiff's Amended Complaint are denied and strict proof thereof is demanded. McMinn County denies any and all liability to Plaintiff.

63. The allegations contained in Paragraph 63 of Plaintiff's Amended Complaint are denied and strict proof thereof is demanded. McMinn County denies any and all liability to Plaintiff.

64. The answers of McMinn County as set forth in Paragraphs 1 through 63 are incorporated herein by reference.

65. The allegations contained in Paragraph 65 of Plaintiff's Amended Complaint are denied and strict proof thereof is demanded. McMinn County avers that Plaintiff's Failure to Supervise claim is not properly before this Court. *See* n. 1, *supra*. McMinn County denies any and all liability to Plaintiff.

66. The allegations contained in Paragraph 66 of Plaintiff's Amended Complaint are denied and strict proof thereof is demanded. McMinn County avers that Plaintiff's Failure to

18

Supervise claim is not properly before this Court. *See* n. 1, *supra*. McMinn County denies any and all liability to Plaintiff.

67.     The allegations contained in Paragraph 67 of Plaintiff's Amended Complaint are denied and strict proof thereof is demanded. McMinn County avers that Plaintiff's Failure to Supervise claim is not properly before this Court. *See* n. 1, *supra*. McMinn County denies any and all liability to Plaintiff.

68.     The allegations contained in Paragraph 68 of Plaintiff's Amended Complaint are denied and strict proof thereof is demanded. McMinn County avers that Plaintiff's Failure to Supervise claim is not properly before this Court. *See* n. 1, *supra*. McMinn County denies any and all liability to Plaintiff.

69.     The allegations contained in Paragraph 69 of Plaintiff's Amended Complaint are denied and strict proof thereof is demanded. McMinn County avers that Plaintiff's Failure to Supervise claim is not properly before this Court. *See* n. 1, *supra*. McMinn County denies any and all liability to Plaintiff.

70.     The allegations contained in Paragraph 70 of Plaintiff's Amended Complaint are denied and strict proof thereof is demanded. McMinn County avers that Plaintiff's Failure to Supervise claim is not properly before this Court. *See* n. 1, *supra*. McMinn County denies any and all liability to Plaintiff.

71.     The allegations contained in Paragraph 71 of Plaintiff's Amended Complaint are denied and strict proof thereof is demanded. McMinn County avers that Plaintiff's Failure to Supervise claim is not properly before this Court. *See* n. 1, *supra*. McMinn County denies any and all liability to Plaintiff.

19

72. The allegations contained in Paragraph 72 of Plaintiff's Amended Complaint are denied and strict proof thereof is demanded. McMinn County avers that Plaintiff's Failure to Supervise claim is not properly before this Court. *See* n. 1, *supra*. McMinn County denies any and all liability to Plaintiff.

73. The allegations contained in Paragraph 73 of Plaintiff's Amended Complaint are denied and strict proof thereof is demanded. McMinn County avers that Plaintiff's Failure to Supervise claim is not properly before this Court. *See* n. 1, *supra*. McMinn County denies any and all liability to Plaintiff.

74. The allegations contained in Paragraph 74 of Plaintiff's Amended Complaint are denied and strict proof thereof is demanded. McMinn County avers that Plaintiff's Failure to Supervise claim is not properly before this Court. *See* n. 1, *supra*. McMinn County denies any and all liability to Plaintiff.

75. Answering the allegations contained in Paragraph 75 of Plaintiff's Amended Complaint, it is admitted that Plaintiff has demanded a trial by jury. McMinn County denies any and all liability to Plaintiff.

76. The allegations contained in Plaintiff's prayer for relief including subparts (A) through (H) are denied and strict proof thereof is required. McMinn County denies any and all liability to Plaintiff.

77. McMinn County avers that Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted and McMinn County moves for dismissal pursuant to Fed. R. Civ. P. 12(b)(6).

78. Anything not expressly admitted or denied is hereby denied as if fully and completely set forth herein.

79. McMinn County denies any liability to Plaintiff, and further denies Plaintiff is entitled to any relief whatsoever in this cause.

80. McMinn County avers that Plaintiff has failed to properly satisfy the threshold requirement of a § 1983 action – that is, Plaintiff has failed to allege a violation of any specific right guaranteed to him by either the U.S. Constitution or federal law – and all claims asserted against McMinn County must fail as a matter of law. *Albright v. Oliver*, 510 U.S. 266, 271, 114 S. Ct. 807, 811, 127 L.Ed.2d 114 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3, 99 S.Ct. 2689, 2694, n.3, 61 L.Ed.2d 433 (1979)).

81. McMinn County avers that all officers working for McMinn County at the time of the subject incident are entitled to qualified immunity under state and federal law in their individual capacities.

82. McMinn County avers that this Honorable Court previously found that Joe Guy and Derrick Saxe were entitled to qualified immunity and dismissed all claims against them. *See* Order [Doc. 49 in 1:19-CV-42-TAV-SKL] entered on November 9, 2023.

83. McMinn County relies on *King v. Anderson County*, 419 S.W.3d 232 (Tenn. 2013) and its progeny which established that County jails and their employees are not insurers of inmate safety. *Id*. at 247-48.

84. McMinn County relies on the public duty doctrine if the proof reflects this defense's applicability to this matter.

85. McMinn County specifically avers that punitive damages cannot be recovered against a governmental entity or its officials when those officials are sued in their official capacities under applicable § 1983 jurisprudence. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 260-61 (1981) (cited by *Chonich v. Wayne County Comm. Coll.*, 973 F.2d 1271, 1274, n.3 (6th Cir.

21

1992); *see Davis v. City of Smiths Grove*, No. 1:07-CV-146, 2007 WL 3224218, at *2 (W.D. Ky. Oct. 29, 2007).

86.     McMinn County specifically avers that no private right of action exists for any alleged violations of the Tennessee Constitution and any claims made by Plaintiff under the same should be dismissed by this Honorable Court. *See Cline v. Rogers*, 87 F.3d 176, 179-80 (6th Cir. 1996); *Bowden Bldg. Corp. v. Tenn. Real Estate Comm.*, 15 S.W.3d 434, 446 (Tenn. Ct. App. 1999); *Boling v. Gibson Cty.*, No. 05-1129-T-AN, 2005 WL 1936299, at *2 (W.D. Tenn. Aug. 1, 2005).

87.     McMinn County avers that the only remaining claims that survived appeal are "[P]laintiff's Monell claims against McMinn County for *failure to train* and *failure to protect*." *See* Order [Doc. 49 in 1:19-CV-42-TAV-SKL] entered on November 9, 2023 (emphasis added). Accordingly, Plaintiff's Violation of 42 U.S.C. §§ 1983 (Under the Fourteenth Amendment) Monell Claim – Failure to Supervise is not properly before this Honorable Court.

88.     McMinn County expressly denies to consent, either expressly or impliedly, to the trial of any claims other than Plaintiff's *Monell* claims against McMinn County for failure to train and failure to protect.

89.     McMinn County reserves the right upon motion to plead more thoroughly as information is learned in the discovery process.

90.     Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, McMinn County demands a trial by jury of this action.

WHEREFORE, Defendant McMinn County, Tennessee respectfully requests that Plaintiff's action be dismissed, that it be awarded its costs and attorney's fees pursuant to 42 U.S.C. § 1988, and further demands a jury to try this cause.

RESPECTFULLY SUBMITTED this 4th day of September, 2025.

KRAMER RAYSON LLP

*/s/ Hilary L. Magacs*
Jonathan Swann Taylor, BPR #025094
Hilary L. Magacs, BPR # 036864
800 South Gay Street, Suite 2500
P.O. Box 629
Knoxville, TN 37901-0629
Phone: (865) 525-5134
Fax: (865) 522-5723
hmagacs@kramer-rayson.com
*Counsel for McMinn County, Tennessee*

## CERTIFICATE OF SERVICE

I hereby certify that on September 4, 2025, a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by U.S Mail. Parties may access this filing through the Court's electronic filing system.

*/s/ Hilary L. Magacs*
Hilary L. Magacs