**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE**

| | | |
|---|---|---|
| **GAVIN COOK**, | ) | |
| Individually, and as sole surviving heir | ) | |
| TIMOTHY COOK, deceased, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:25-CV-00074 |
| | ) | JURY DEMAND |
| | ) | |
| **MCMINN COUNTY, TENNESSEE**, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S MOTION FOR LEAVE TO AMEND THE SCHEDULING ORDER [DOC. 20]

Defendant McMinn County, Tennessee, by and through undersigned counsel, respectfully

moves this Honorable Court to amend the Scheduling Order [Doc. 20] to extend the dispositive

motion deadline to allow the parties to complete four[1] (4) agreed upon supplemental depositions

that are necessary to the Plaintiff's claims and defenses raised by the Defendant during the week

of June 29 through July 3, obtain transcripts from those depositions, and consider, prepare and

file a dispositive motion addressing the *Monell* claims that are pending before this Court. The

Defendant does not specifically request a change to the trial date at this time but acknowledges

that extending the dispositive motion deadline may very well require this Court to continue the

trial in order for the Court to fully rule on any dispositive motion that may be filed by the

---

[1] The parties have agreed to take the supplemental depositions of Plaintiff Gavin Cook, Sheriff Joe Guy, Derrick Saxe and Toby Parsons during the week of June 29 through July 3, 2026.

1

Defendant.  It is submitted that good cause exists under Fed. R. Civ. 16(b)(4) to grant this request.

This case is governed by a Scheduling Order [Doc. 20] that was entered by this Court on August 14, 2025.  The Scheduling Order [Doc. 20] sets a trial date of November 17, 2026, with the final pretrial conference scheduled to take place on November 10, 2026.  *Id.*  Under the Scheduling Order [Doc. 20] all dispositive motions are required to be filed no later than one hundred and fifty (15) days before trial, which would be June 22, 2026 pursuant to Fed. R. Civ. P. 6(a)(1).  *Id.*

Defendant McMinn County, Tennessee requests an extension of sixty (60) days on the dispositive motion deadline, which would permit the Defendant enough time to complete the four (4) supplemental depositions of Plaintiff Gavin Cook, Sheriff Joe Guy, Derrick Saxe and Toby Parsons during the week of June 29 through July 3, receipt of those deposition transcripts, and evaluate and prepare a dispositive motion focused on the remaining *Monell* claims should those depositions support the filing of a dispositive motion on those claims.  It is anticipated that it will take the court reporter 2-3 weeks to fully transcribe this deposition testimony.  The parties have worked cooperatively to schedule these depositions at the earliest mutually available date, but counsel's calendars made the week of June 29 through July 3 the first feasible window due to trials, other depositions, and a family trip where counsel for the Defendant was out of the country for almost two (2) weeks on a trip that was scheduled almost two years ago at the end of May and beginning of June.

The parties have also worked together to exchange voluminous written discovery with each other on the remaining issues and have coordinated and participated in a jail inspection on April 13, 2026 at the request of the Plaintiff.  While related to some of the Plaintiff's discovery

requests from the first case, a lot of the discovery that has been exchanged by the parties to date has been unique to this case in the depth and details requested about the fresh start/clean slate policy that were not previously asked about or addressed by the parties in the earlier filed lawsuit.

The Plaintiff has also recently disclosed two experts that were not previously disclosed in the earlier lawsuit. In good faith of the Scheduling Order [Doc. 20], Defendant McMinn County has disclosed its own corrections expert on June 22, 2026. The recent disclosure of the opinions of these corrections experts necessitates specific deposition topics for the four deponents during the week of June 29 through July 3, 2026 that are directly relevant to the *Monell* issues that remain before this Court. It is also anticipated that both of these corrections experts will need to be deposed, or at least Defendant McMinn County would like to depose the Plaintiff's corrections expert.

Despite McMinn County's best efforts to date, it has not been able to complete discovery, and it will not be in a position to complete the supplemental depositions of the Plaintiff and representatives of the Defendant before the week of June 29 through July 3, 2026, which is the week after the dispositive motion deadline is scheduled to run under the current Scheduling Order [Doc. 20]. Further, it is respectfully submitted that this brief extension of time will not prejudice the Plaintiff, in that the requested extension of time would allow the Plaintiff to also file a dispositive motion following the completion of these supplemental depositions. This requested extension would also promote efficient resolution of the *Monell* issues by allowing a well-supported motion to be filed following the completion of these supplemental depositions rather than piecemealing the briefing.

3

For the foregoing reasons, Defendant McMinn County requests that this Honorable Court amend the Scheduling Order [Doc. 20] to reset the dispositive motion deadline to Wednesday, August 19, 2026.  Good cause exists under Rule 16(b)(4) because:  (a) the parties have agreed to take four (4) supplemental depositions – Plaintiff Gavin Cook, Sheriff Joe Guy, Derrick Saxe, and Toby Parsons – during the first mutually available window, the week of June 29 through July 3, 2026; (b) the transcripts from those depositions are necessary to address the pending *Monell* claims; (c) the current dispositive motion deadline of June 22, 2026 precedes the agreed deposition dates notwithstanding the parties' diligent efforts to coordinate schedules in light of multiple trials, other depositions, and defense counsel's long-scheduled international family trip at the end of May and beginning of June.  More importantly, this extension will allow completion of the agreed upon depositions, receipt of transcripts, and preparation of a good faith dispositive motion.

Defendant does not seek to modify the November 10, 2026 final pretrial conference or the November 17, 2026 trial date at this time.  Based on current information, the requested August 19, 2026 dispositive motion deadline will permit full briefing and consideration without prejudice to either party.  Pursuant to the parties' ongoing cooperation, defense counsel emailed Plaintiff's counsel on June 19, 2026 with a draft Joint Motion for Leave to Amend Scheduling Order and followed up the same day with Plaintiff's counsel's paralegal, who stated that she would relay the message while Plaintiff's counsel was out of the office on June 19, 2026.  As of the filing of this Motion, Plaintiff has not stated a position on the relief requested in this Motion or advised as to whether the Plaintiff would join Defendant's request for this brief extension of time.

RESPECTFULLY SUBMITTED this 22nd day of June, 2026.

4

McMINN COUNTY, TN

By: */s/ Jonathan Swann Taylor*
Jonathan Swann Taylor (TN BPR #025094)
Hilary L. Magacs (TN BPR #036864)
Kramer Rayson LLP
800 S. Gay Street, Suite 2500
P.O. Box 629
Knoxville, TN 37901-0629
Telephone: (865) 525-5134
Facsimile: (865) 522-5723
Email: jstaylor@kramer-rayson.com
Email: hmagacs@kramer-rayson.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 22, 2026, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served via regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

*/s/ Jonathan Swann Taylor*
Jonathan Swann Taylor

5