UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

GAVIN COOK, individually, and as sole ）
surviving heir of TIMOTHY COOK, ）
deceased, ）
）
        Plaintiff, ）
）
v. ）    No.:   3:25-CV-74-TAV-DCP
）
MCMINN COUNTY, TENNESSEE, ）
）
        Defendant. ）

**ORDER**

This civil action is before the Court on defendant's Motion for Leave to Amend the Scheduling Order [Doc. 26] and the parties' Notice of Joint Motion and Supplement [Doc. 28]. In their notice, the parties inform the Court that the relief requested in defendant's original motion [Doc. 26] is now joined and consented to by both parties, "subject to and in light of their agreement to adjust limited deadlines" [Doc. 28, p. 1]. Specifically, the parties request that the discovery deadline be extended to August 27, 2026, and that the dispositive motion deadline be extended to September 25, 2026 [*Id.* at 2].

In support of these requests, the parties submit that these extensions would allow them to complete four agreed-upon, supplemental depositions, that are necessary to plaintiff's claims and defendant's defenses, obtain transcripts from such depositions, and if needed, file dispositive motions [Doc. 26, p. 1; Doc. 28, p. 2]. The parties provide that they have been working together cooperatively, but scheduling conflicts have made the week of June 29 through July 3 the first feasible window to complete the aforementioned

depositions [Doc. 26, p. 2; Doc. 28, p. 2]. The parties also state that they are working together to make their respective experts available for depositions over the next 60 days [Doc. 28, p. 2].

As noted by the parties [Doc. 26, p. 2], the Court requires that dispositive motions be filed 150 days before trial [*See* Doc. 20 ¶ 7(b)]. Under the Local Rules, the parties then have 21 days to respond and 7 days to reply. E.D. Tenn. L.R. 7.1(a). This schedule leaves the Court with approximately 120 days before trial to resolve any dispositive motions. According to the Court's calculation, the parties' requested extension would leave the Court with approximately 25 days, not excluding weekends or holidays, to resolve any dispositive motions before trial. That amount of time is well short of the approximately 120 days that the Court customarily requires to resolve dispositive motions before trial, and, because of the Court's heavy caseload, would create an unworkable situation.

Accordingly, for good cause shown, the parties' motion [Doc. 26; *see* Doc. 28] is **GRANTED**. However, to accommodate the parties' requests, the trial, currently scheduled for November 17, 2026, is **CANCELLED** and **RESCHEDULED** to **Tuesday, February 23, 2027, at 9:00 a.m.** in Knoxville, Tennessee. Further, the final pretrial conference, currently scheduled for November 10, 2026, is **CANCELLED** and **RESCHEDULED** to **Tuesday, February 16, 2027, at 1:00 p.m.** in Knoxville, Tennessee. All unexpired deadlines as of June 18, 2026,[1] **SHALL** be applied as calculated from the new trial date

---

[1] Given the trial date in this case was previously set for November 17, 2026, the deadline for dispositive motions was Thursday, June 18, 2026. *See* Fed. R. Civ. P. 6(a)(5) (providing that "next day" as used in Rule 6(a)(1)(C) is determined by continuing to count backward when the

2

and according to the same time limitations set forth in the Court's original Scheduling Order [Doc. 20].

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

---

period is measured *before* an event).  Thus, the instant motion [Doc. 26] was filed after the dispositive motion deadline had expired, necessitating a demonstration of excusable neglect in addition to good cause.  *See* Fed. R. Civ. P. 6(b)(1)(B).  Here, the parties have only demonstrated good cause. Considering the parties' agreement, however, the Court will, in its discretion, overlook the parties' failure to demonstrate excusable neglect.  But the parties are cautioned that future failure to make the proper demonstrations under Rule 6(b) may result in a denial of their requested relief.

3